1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

SCOTT BRET LAFERRIERE,

7

Plaintiff,

8

v.

9

JENEFFER BALTZWELL, et al.,

10

Defendants.

Case No. 3:21-cv-05175-RAJ-TLF

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

11     This matter is before the Court on plaintiff's filing of a civil rights complaint.

12   Plaintiff has been granted *in forma pauperis* status in this matter and is proceeding *pro*

13   *se*. Dkt. 4. Considering deficiencies in the complaint discussed below, however, the

14   undersigned will not direct service of the complaint at this time. On or before May 10,

15   2021, Plaintiff must either show cause why his claims Defendants Stielau, Creed,

16   Yelverton, Dahue, Brewer, Hallenred and Gleeson should not be dismissed or file an

17   amended complaint.

18                                   DISCUSSION

19     The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

20   "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

21   "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief

22   against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

23
24
25

§ 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's Complaint alleges that Defendants Baltzwell, Wakeman and Manio violated his First and Fourteenth Amendment rights when they denied his request for permission to purchase a Satanic Bible in order to practice his religion. Dkt. 5 at 7-8, 11-12. Plaintiff alleges sufficient facts against these Defendants to pass the Court's screening.

However, the complaint contains no allegations whatever regarding any act or omission by Defendants Stielau, Creed, Yelverton, Dahue, Brewer, Hallenred and

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

Gleeson. To properly state a claim against these Defendants, Plaintiff must set forth

specific facts alleging that they personally participated in specific conduct that violated

Plaintiff's constitutional rights. A § 1983 action may not be brought against a supervisor

on a theory that the supervisor is liable for the acts of his or her subordinates. See *Polk*

*County v. Dodson*, 454 U.S. 312, 325 (1981). To state a claim against any individual

defendant, plaintiff must allege facts showing that the individual defendant participated

in or directed the alleged violation, or knew of the violation and failed to act to prevent it.

*See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S.

1154 (1999).

CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint.

Plaintiff may show cause why his claims against Defendants Stielau, Creed, Yelverton,

Dahue, Brewer, Hallenred and Gleeson should not be dismissed or may file an

amended complaint to cure, if possible, the deficiencies noted herein, **on or before May**

**10, 2021**. If an amended complaint is filed, it must be legibly rewritten or retyped in its

entirety and contain the same case number. Any cause of action alleged in the original

complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana,*

*Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v.*

*Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a

claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not

timely filed or fails to adequately address the issues raised herein, the undersigned will

recommend dismissal of this action against Defendants Stielau, Creed, Yelverton,

Dahue, Brewer, Hallenred and Gleeson (i.e. all defendants except for Defendants Baltzwell, Wakeman and Manio -- the three defendants for whom there are factual allegations of acts or omissions that allegedly caused violations of plaintiff's federal constitutional rights) as frivolous under 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

Dated this 8th day of April, 2021.

Theresa L. Fricke
United States Magistrate Judge