UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT BRET LAFERRIERE,

                Plaintiff,

v.

JENEFFER BALTZWELL, *et al*.,

                Defendants.

Case No. 3:21-cv-05175-RAJ-TLF

REPORT AND RECOMMENDATION

Noted for October 15, 2021

This matter is before the Court on plaintiff's response to the Court's Order to Show Cause or Amend the Complaint (Dkt. 6). Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a).

Plaintiff did not file an amended complaint, as instructed by the Court, but instead filed four documents containing legal conclusions that the Court construes as plaintiff's response to the Court's Order. Dkts. 9, 10, 13, 14.[1] For the reasons set forth below, plaintiff's claims against defendants Stielau, Creed, Yelverton, Dahue, Brewer, Hallenred and Gleeson remain fatally deficient, and therefore the undersigned recommends that the Court dismiss the claims against those defendants without

---

[1] The Court notes that Dkt.13 is a duplicative filing that resubmits the materials in Dkts. 9 and 10. The Court will disregard this duplicative document.

REPORT AND RECOMMENDATION - 1

prejudice and that this case proceed only on plaintiff's religious exercise claims against defendants Baltzwell, Wakeman and Manio.

BACKGROUND

Plaintiff is a prisoner currently housed at Airway Heights Corrections Center but brings claims arising out of his previous confinement at Stafford Creek Corrections Center. Dkt. 5. Plaintiff's complaint alleges that defendants C.U.S. Baltzwell, Chaplain Wakeman and Captain Manio violated his First and Fourteenth Amendment rights when they denied his request for permission to purchase a Satanic Bible in order to practice his religion. Dkt. 5 at 7–8, 11–12. The Court has previously determined that the complaint alleges sufficient facts against these defendants at the pleading stage to pass the Court's screening. Dkt. 6 at 2.

However, the complaint contains no allegations whatever regarding any act or omission by the remaining defendants named in the complaint: Sgt. Stielau, O.A.S. Creed, Dr. Yelverton, Grievance Program Manager Dahue, Grievance CS2 Brewer, Officer Hallenred and Officer Gleeson (the "Additional Defendants"). Thus, plaintiff failed to allege the personal participation of any of these defendants in any violation of his constitutional rights. The Court ordered plaintiff to show cause why his claims against the Additional Defendants should not be dismissed, or to file an amended complaint correcting the deficiency. The Court instructed plaintiff that, in order to state a claim against the Additional Defendants, he would need to allege facts (if any) showing they personally participated in or directed the alleged violations of his constitutional rights, or had knowledge of the alleged violations and failed to act to prevent them. Dkt. 6 at 3.

Plaintiff did not file an amended complaint, and none of his responses alleges facts concerning specific acts or omissions of the Additional Defendants. Instead,

plaintiff has filed multiple documents which provide no factual allegations regarding the Additional Defendants, and only state legal conclusions or address matters not raised in the complaint. Dkts. 9, 10, 14.

## DISCUSSION

A.  Legal Standard

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)). Moreover, the court need not grant endless amendments. *Foman v. Davis* 371 U.S. 178, 182 (1962) (leave to amend may

properly be denied for "repeated failure to cure deficiencies by amendments previously allowed").

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing the harm alleged in the complaint. *See Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.    Claims Against the Additional Defendants

The Court previously provided notice to plaintiff that the complaint failed to state any claims against the Additional Defendants. Dkt.6 at 2–3. The Court warned that if plaintiff failed to allege facts establishing an act or omission by each of the Additional Defendants that violated plaintiff's constitutional rights, those defendants would be dismissed from this action. *Id*. Plaintiff has not filed an amended complaint and has failed to allege any facts supporting a claim against the Additional Defendants.

Accordingly, the Court recommends that plaintiff's claims against the Additional Defendants be DISMISSED without prejudice and that this case proceed only on plaintiff's religious exercise claims against defendants Baltzwell, Wakeman and Manio.

C.    New Legal Claims

Plaintiff submitted materials that appear to assert new legal claims. Dkts. 10, 14.

REPORT AND RECOMMENDATION - 4

Plaintiff may not add new claims against different defendants that do not (1) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) involve commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1350–51 (9th Cir.1997); *Desert Empire Bank v. Ins. Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir.1980). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."). If plaintiff wishes to assert new claims against new defendants, he must file a separate lawsuit.

Plaintiff's submissions could also be interpreted as asserting additional legal theories in support of his existing religious exercise claims. *See* Dkt. 14 at 1 (discussing "addition[ ] statutory[y] rights and actions"). If plaintiff wishes to assert additional legal grounds for his religious exercise claims, he must do so in an amended complaint and may not do so by filing piecemeal supplements. While plaintiff is free to proceed on his existing complaint against defendants Baltzwell, Wakeman and Manio, if he wishes to assert additional legal theories for his religious exercise claims, he must file an amended complaint containing all of his claims. If this Report and Recommendation is adopted by the District Court, the undersigned will set a deadline for any proposed amended complaint.

## CONCLUSION

Plaintiff has already been granted the opportunity to state a viable constitutional claim against defendants Stielau, Creed, Yelverton, Dahue, Brewer, Hallenred and Gleeson and has failed to do so; he has neither filed an amended complaint nor alleged any act or omission by these defendants demonstrating their personal participation in a violation of plaintiff's constitutional rights. The Court therefore recommends that all

REPORT AND RECOMMENDATION - 5

claims against defendants Stielau, Creed, Yelverton, Dahue, Brewer, Hallenred and Gleeson be dismissed without prejudice for failure to state a claim upon which relief can be granted. The Court recommends that this case proceed only upon plaintiff's religious exercise claims against defendants Baltzwell, Wakeman and Manio.

If this Report and Recommendation is adopted, the undersigned will establish a deadline by which plaintiff may file an amended complaint; if no amended complaint is filed by that date, the original complaint will be the operative complaint in this matter and will be served upon defendants Baltzwell, Wakeman and Manio.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **October 15, 2021**, as noted in the caption.

Dated this 30th day of September, 2021.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6