1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

SCOTT BRET LAFERRIERE,

7
                              Plaintiff,

8           v.

JENEFFER BALTZWELL,

9

10
                              Defendants.

Case No. 3:21-cv-05175-RAJ-TLF

ORDER DIRECTING SERVICE
OF CIVIL RIGHTS COMPLAINT

11        This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff, who is

12 unrepresented by counsel and proceeding *in forma pauperis,* is currently incarcerated at

13 Stafford Creek Corrections Center and is subject to Mandatory Electronic E-Filing

14 pursuant to General Orders 02-15 and 06-16. The Court, having reviewed plaintiff's

15 complaint, hereby ORDERS as follows:

16        (1)    Consent

17        The Clerk is directed to issue the Notice of Option of Consent to Magistrate

18 Judge Theresa L. Fricke.

19        (2)    Service by Clerk

20        The Clerk is directed to send the following to defendants Jeneffer Baltzwell,

21 Chaplain Wakeman and Captain Manio[1] by e-mail: copies of plaintiff's complaint, this

22

23
_____

24 [1] The remaining defendants named in plaintiff's complaint have been dismissed from this matter and are
not being served. *See* Dkts. 15, 16.

25

ORDER DIRECTING SERVICE OF CIVIL RIGHTS
COMPLAINT - 1

Order, the Notice of Option to Consent, the notice of lawsuit and request for waiver of service of summons, and a waiver of service of summons.

     (3)    <u>Response Required</u>

Defendant(s) shall have **thirty (30) days** within which to return the enclosed waiver of service of summons. A defendant who timely returns the signed waiver shall have **sixty (60) days** after the date designated on the notice of lawsuit to file and serve an answer to the complaint or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure.

A defendant who fails to timely return the signed waiver will be personally served with a summons and complaint, and may be required to pay the full costs of such service, pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure. A defendant who has been personally served shall file an answer or motion permitted under Rule 12 within **twenty-one (21) days** after service.

     (3)    <u>Filing and Service by Parties, Generally</u>

All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system. Counsel are directed to the Court's website, www.wawd.uscourts.gov, for a detailed description of the requirements for filing via CM/ECF. Plaintiff shall file all documents electronically. All filings must indicate in the upper right hand corner the name of the magistrate judge to whom the document is directed.

Any document filed with the Court must be accompanied by proof that it has been served upon all parties that have entered a notice of appearance in the underlying

1  matter. Plaintiffs shall indicate the date the document is submitted for e-filing as the date

2  of service.

3      (4)    Motions, Generally

4      Any request for court action shall be set forth in a motion, properly filed and

5  served.  Pursuant to LCR 7(b), any argument being offered in support of a motion shall

6  be submitted as a part of the motion itself and not in a separate document. The motion

7  shall include in its caption (immediately below the title of the motion) a designation of

8  the date the motion is to be noted for consideration upon the Court's motion calendar.

9      Stipulated and agreed motions, motions to file over-length motions or briefs,

10  motions for reconsideration, joint submissions pursuant to the option procedure

11  established in LCR 37(a)(2), motions for default, requests for the clerk to enter default

12  judgment, and motions for the court to enter default judgment where the opposing party

13  has not appeared shall be noted for consideration on the day they are filed. *See* LCR

14  7(d)(1). All other non-dispositive motions shall be noted for consideration no earlier than

15  the third Friday following filing and service of the motion. *See* LCR 7(d)(3). All

16  dispositive motions shall be noted for consideration no earlier than the fourth Friday

17  following filing and service of the motion. *Id*.

18      For electronic filers, all briefs and affidavits in opposition to either a dispositive or

19  non-dispositive motion shall be filed and served not later than 11:59 p.m. on the

20  Monday immediately preceding the date designated for consideration of the motion.

21      The party making the motion may electronically file and serve not later than

22  11:59 p.m. on the date designated for consideration of the motion, a reply to the

23  opposing party's briefs and affidavits.

24

25

ORDER DIRECTING SERVICE OF CIVIL RIGHTS
COMPLAINT - 3

       (5)    <u>Motions to Dismiss and Motions for Summary Judgment</u>

       Parties filing motions to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure and motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should acquaint themselves with those rules. As noted above, these motions shall be noted for consideration no earlier than the fourth Friday following filing and service of the motion.

       Defendants filing motions to dismiss or motions for summary judge are advised that they MUST serve a *Rand* and/or *Wyatt* notice concurrently with motions to dismiss and motions for summary judgment so that *pro se* prisoner plaintiffs will have fair, timely and adequate notice of what is required of them in order to oppose those motions. *Woods v. Carey*, 684 F.3d 934, 941 (9th Cir. 2012). The Ninth Circuit has set forth model language for such notices:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

1    *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (emphasis added); *Wyatt v. Terhune*,

2    315 F.3d 1108 (9th Cir. 2003).

3        Defendants who fail to file and serve the required *Rand* and *Wyatt* notice on

4    plaintiff may have their motion stricken from the Court's calendar with leave to re-file.

5        (6)    Direct Communications with District Judge or Magistrate Judge

6        No direct communication is to take place with the District Judge or Magistrate

7    Judge with regard to this case. All relevant information and papers are to be directed to

8    the Clerk.

9        (7)    The Clerk is directed to send copies of this Order, the Notice of Consent,

10   and of the Court's pro se instruction sheet to plaintiff. The Clerk is further directed to

11   send a copy of this Order and a courtesy copy of the complaint to the Washington State

12   Attorney General's Office by e-mail.

13       Dated this 21st day of March, 2023.

14

15

16

17       Theresa L. Fricke
         United States Magistrate Judge

18

19

20

21

22

23

24

25

ORDER DIRECTING SERVICE OF CIVIL RIGHTS
COMPLAINT - 5